UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| ZEFERINA MONTELONGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-cv-1687 |
| ) | |
| WINTERSET DENTAL CARE, P.C., ) | Judge Andersen |
| *et. al*, ) | |
| Defendants. ) | |

**DEFENDANT MERCK & CO., INC.'S
MOTION TO SEVER CLAIMS**

Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, moves this Court to sever the claims against Merck from the unrelated claims against defendants Winterset Dental Care, P.C., Anil K. Agarwal, DDS, and Gary F. Adler, DDS (collectively "the Dental Defendants"). Plaintiff bases her claims against Merck upon the same "failure to warn" allegations pled by nearly every other plaintiff in the Fosamax cases. These claims focus on what warnings Merck allegedly should have provided Plaintiff's prescribing physician when she since began taking Fosamax, and these claims do not materially differ from the claims asserted in the other Fosamax cases that have been consolidated in the Fosamax MDL proceedings. Conversely, Plaintiff's claims against the Illinois-resident dentists are based upon actions allegedly taken by those dentists in extracting Plaintiff's teeth and performing oral surgery. These claims against the dentists are not based upon the same transactions or occurrence as the claims against Merck. Because the dentists are not properly joined in this action, the Plaintiff's claims against them should be severed from the Plaintiff's claims against Merck.

**BACKGROUND**

The Plaintiff claims that, on July 28, 2005, the Dental Defendants extracted four of her teeth.  (Second Amended Complaint, Count I ¶ 1-4 (hereinafter "Complaint").)  The Plaintiff complains that the Dental Defendants were "negligent" and "violent" when they extracted the teeth, "causing trauma to the surrounding tissues."  *Id.* ¶ 6.a.  She claims that she was "hyper susceptib[le] to post extraction infection," not because of Fosamax, but because of her "pre-existing Sjoren's syndrome," and that the Dental Defendants failed "to make a careful and thorough examination of plaintiff's teeth and surrounding tissues and bone before the extraction" to discovery this hyper susceptibility."  *Id.* ¶ 6.b & h.  After the extraction, the Plaintiff claims that the Dental Defendants failed to take action to prevent post-extraction infection, failed to examine Plaintiff's jaw thoroughly or to perform tests to determine the cause of her pain, failed to refer her to a specialist in a timely manner, or to administer appropriate antibiotic medication, and failed to ensure that the dental plate inserted into Plaintiff's mouth was properly fit and adjusted.  *Id.* ¶ 6.c to m.  As a result of this alleged negligence, the Plaintiff claims that her jaw became infected and abscessed.  *Id.* ¶ 7.

In her claims against Merck, which she only added in her Second Amended Complaint, the Plaintiff alleges only that she was "prescribed FOSAMAX for the treatment of her osteoporosis" "[s]ometime in 2005."  (Complaint, Count IV ¶ 5.)  She complains that Merck failed to warn her that Fosamax "was likely to inhibit vascular supply to her mandibles . . . and maxillae" or list the jaw condition known as osteonecrosis of the jaw "as a complication and/or side effect on its FOSAMAX

labeling." *Id.* ¶ 9.  At the time of her alleged oral surgery, the Plaintiff would have been taking Fosamax for less than seven months.

The Plaintiff originally filed her claims against the Dental Defendants in the Circuit Court for Cook County, Illinois July 2007, and Merck was not named as a defendant.  Plaintiff did not plead any claims against Merck until she filed her Second Amended Complaint on February 14, 2008.  Merck was served with the Complaint on February 26, 2008 and, within 30 days of service, Merck removed this action to this Court, based on diversity jurisdiction under 28 U.S.C. § 1332.

Merck removed this case pursuant to § 1441(b) on the grounds that "none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."  28 U.S.C. § 1441(b) (emphasis added).  As discussed in Merck's Notice of Removal, the claims against Merck are fraudulently and/or improperly joined to the claims against the Dental Defendants in an effort to defeat diversity jurisdiction.  *See* Notice of Removal ¶¶ 24-30.  That effort fails because the Plaintiff's claims against the Dental Defendants are not based upon the same transaction or occurrence as the Plaintiff's claims against Merck, and Merck respectfully asks the Court to sever the claims against the Dental Defendants, which may be remanded, from the Plaintiff's claims against Merck.

## ARGUMENT

I. **The Court Should Grant Merck's Motion to Stay So That The MDL Transferee Court Can Address The Issues Of Fraudulent Joinder And Misjoinder In A Manner Consistent With Other Fosamax Cases.**

Concurrently with the filing of this Motion, Merck has also moved the Court to stay this case pending its transfer to the Fosamax MDL proceedings.  There is at least one case already pending before the transferee court in which a plaintiff has sought to join

2829431                                      3

claims against Merck with separate claims against allegedly negligent dentists, and there are many more cases in which Plaintiffs seeking to avoid federal jurisdiction have sought to bring claims against pharmacies, pharmaceutical sales representatives, or distributors. Judge Keenan, therefore, is already required to address the issues raised in this case, as part of the Fosamax MDL proceedings, and will be able to resolve the issues in this case in a manner consistent with his rulings on the same issues in other Fosamax litigation. For these reasons, Merck submits that the Motion to Stay should be granted, before the Court reaches the merits of this Motion.

II. **The Dental Defendants Have Been Fraudulently And Improperly Joined, And Plaintiff's Claims Against Them Should Be Severed From Plaintiff's Claims Against Merck.**

The Dental Defendants are not proper parties to this case, but have been fraudulently joined and misjoined to defeat diversity. For this reason, their citizenship should be ignored for purposes of determining diversity. *See, e.g., Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Schwartz v. State Farm Mutual Automobile Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Hoosier Energy Rural Electric Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994). Diversity jurisdiction "cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent" or otherwise improper. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). In determining whether a defendant was fraudulently joined, the Seventh Circuit requires not just an analysis of whether plaintiff stated a "claim," but also whether plaintiff has a "reasonable possibility" of recovery on that claim. *See Schwartz*, 174 F.3d at 878 (finding removal proper because of fraudulent joinder, notwithstanding the fact that plaintiff had a "claim" under the concept of notice pleading). Rule 20 of the Federal Rules of Civil procedure provides that parties are improperly joined or misjoined where

there is no common transaction or occurrence connecting the claims against those parties. *See* Fed. R. Civ. Proc. 20.

The Plaintiff's claims against the Dental Defendants are not properly joined to her claims against Merck, and should be severed. This case presents essentially the same situation that was addressed by the Southern District of New York in *In re Rezulin Prod. Liab. Litig.*, 2003 WL 21276425 (S.D.N.Y. June 2, 2003). In that case, the plaintiff sought to bring claims against a physician, claiming that the physician had failed to diagnose her alleged liver dysfunction, and products liability claims against a drug manufacturer. The court concluded that the claims against the non-diverse physician were not properly joined to the products liability claims. As the court concluded, the claim against the manufacturer went "principally to the safety and efficacy of the drug and ha[d] little if anything to do with the malpractice claim." *See also Lee v. Mann*, 2000 WL 724046 (Va. Cir. Ct. Apr. 5, 2000) (upholding finding of misjoinder of claims against physician and pharmaceutical manufacturer for injuries allegedly received from the use of a diet medication).

There is no common nexus of fact between the Plaintiff's malpractice claims against the Dental Defendants and her products liability claims against Merck. The Plaintiff's claims against Fosamax will necessarily focus on what warnings Merck gave or allegedly should have given to Plaintiff's prescribing physician, and will focus upon whether Plaintiff's use of Fosamax for only a few months could cause any injury at all. The Plaintiff claims, by the time of her surgery, to have taken Fosamax for seven months or less, alleging that she began sometime in early 2005. In Fosamax litigation, even the experts cited by the *plaintiffs* concede that a few months of Fosamax use does not pose

any risk of osteonecrosis of the jaw. The Fosamax plaintiffs rely upon the opinions of Dr. Robert Marx, who has unambiguously stated that "3 years or 156 continuous weekly doses are required to place patients who take Fosamax or Actonel into the risk range for [osteonecrosis of the jaw]." Yoh Sawatari & Robert Marx, *Bisphosphonates and Bisphosphonate Induced Osteonecrosis*, 19 Oral Maxillofacial Surg. Clin. N. Am. 487, 490 (2007). As even Dr. Marx agrees, "[a]n individual patient who is referred by a physician or who presents for a dental evaluation and has taken an oral bisphosphonate for less than 3 years can be treated as any other patient." *Id.* at 494.

Plaintiff's claims against the Dental Defendants, by contrast, relate to their alleged failure to recognize Plaintiff's preexisting Sjoren's syndrome, their alleged excessive violence in performing tooth extractions, and their alleged failure to recognize post-extraction complications. Claims based on alleged negligence in performing oral surgery, diagnosing an infection, or addressing Plaintiff's preexisting Sjoren's syndrome do not involve the transactions or occurrences as Plaintiff's products liability claims against Merck, and they are not properly joined in this case. *See In re Rezulin Prods. Liab. Litig.*, 2003 WL 21276425 at *1-2; *cf. Greene v. Wyeth*, 344 F. Supp. 2d 674, 683 (D. Nev. 2004) (severing claims against doctors in multiple plaintiff action, where claims were not based on a common transaction or occurrence).[1] The claims against the Dental

---

[1] Nor could the Plaintiff make any claim that the Dental Defendants should have known about Fosamax or any alleged harm relating to it, where the Plaintiff also contends that Merck withheld such information from the medical community by not providing warnings for its product. *See In re Baycol Prods. Litig.*, Case No. 03-3150, 2003 WL 23305516, at *2 (D. Minn, Dec. 15, 2003) (finding doctor fraudulently joined because, where plaintiff claimed that manufacturer failed to properly represent the risks of a drug, the plaintiff "failed to demonstrate that her physician knew or should have known of Baycol's risks"); *Spier v. Bayer Corp.*, No. 02-4835, 2003 WL 21223842 (D. Minn. May 27, 2003) (same).

Defendants and Merck are widely disparate in terms of the applicable duties and the facts relating to those alleged duties.

## CONCLUSION

For all of the foregoing reasons, Merck respectfully asks the Court to sever the Plaintiff' claims against the Dental Defendants from her claims against Merck.

Dated: March 24, 2008

Respectfully submitted,

BRYAN CAVE LLP

By: _____s/ Dmitry Shifrin_____
Dmitry Shifrin, #6279415
161 North Clark Street, Suite 4300
Chicago, IL  60601-3315
Telephone:  (312) 602-5000
Facsimile:  (312) 602-5050

and

Stephen G. Strauss, #6278807
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, MO  63102-2750
Telephone:  (314) 259-2000
Facsimile:   (314) 259-2020

*Attorneys for Merck & Co., Inc.*

## CERTIFICATE

I hereby certify that on this 24th day of March, 2008, a copy of the foregoing was served by first class mail, postage prepaid, on:

Katherine A. Cardenas
Lucas and Cardenas, P.C.
77 West Washington Street, Suite 900
Chicago, IL 60602

Attorneys for Plaintiff


John Green
Green Law Offices
200 West Jackson
Suite 2060
Chicago, IL 60606
(312) 676-5980


Drew Balac
Weldon-Linne & Vogt
105 W. Madison, Suite 1400
Chicago, IL 60602
(312) 236-5151


Attorneys for Dental Defendants

                                                                                                 s/ Dmitry Shifrin
                                                                                                  Dmitry Shifrin