UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| ZEFERINA MONTELONGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-cv-1687 |
| | ) | |
| WINTERSET DENTAL CARE, P.C., | ) | Judge Andersen |
| *et. al*, | ) | |
| Defendants. | ) | |

**MOTION TO STAY PROCEEDINGS**
**PENDING TRANSFER TO MULTIDISTRICT LITIGATION**

Defendant Merck & Co., Inc. ("Merck"), by counsel, moves this Court to stay all proceedings in this action pending its transfer to *In re Fosamax Prods. Liab. Litig.*, MDL No. 1789, the multidistrict litigation ("MDL") proceeding that has been established in the Southern District of New York to coordinate federal product liability actions involving FOSAMAX® ("Fosamax").

**BACKGROUND**

**A.      The Fosamax MDL Proceedings.**

On August 16, 2006, the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "Panel") issued a transfer order establishing MDL Proceeding No. 1789, titled *In re Fosamax Products Liability Litigation*. *In re Fosamax Prods. Liab. Litig.*, 444 F. Supp. 2d 1347 (J.P.M.L. 2006). The transfer order directed that 18 actions be transferred for coordinated pretrial proceedings in the U.S. District Court for the Southern District of New York before the Honorable John F. Keenan. *Id*. at 1349. In the Transfer Order, the Panel held:

> On the basis of the papers filed and hearing session held, the Panel finds
> that the eighteen actions listed on Schedule A involve common questions

> of fact, and that their centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These eighteen actions are brought by persons allegedly injured by ingestion of Merck's Fosamax, a prescription medication used in the treatment of osteoporosis. Specifically, these actions present complex common factual questions concerning, among other things, 1) the development, testing, manufacturing and marketing of Fosamax, and 2) Merck's knowledge concerning the drug's alleged adverse effects, in particular, osteonecrosis of the jaw. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

*Id*. The MDL Panel also held that "fourteen related actions" pending in multiple federal districts "will be treated as potential tag-along actions." *Id*. at n. 1.

There is currently a process in place for effecting the transfer to Judge Keenan's court of related Fosamax product liability actions quickly and efficiently. Merck's counsel, in a written submission known as a "tag-along letter," notifies the Panel promptly of newly filed related actions and developments in actions still under Panel consideration. The Panel has been issuing conditional transfer orders transferring actions to Judge Keenan's court based on the information contained in these tag-along letters. As of this date, the MDL Panel has issued 50 Conditional Transfer Orders requiring the transfer of at least an additional 129 actions to MDL 1789, where a total of 384 cases are now pending, including both the transferred cases and cases filed directly in the transferee court. Within the next week, Merck will notify the MDL Panel of the pendency of this tag along action.

Where, as here, the Plaintiff has sought to fraudulently join in-state defendants to defeat jurisdiction, the case should be transferred to the Fosamax MDL proceedings so that the transferee court can address the fraudulent joinder issues raised by all of the plaintiffs in a

comprehensive manner. To date, issues of fraudulent or improper joinder, and other remand arguments, have been raised in at least 16 other transferred cases.

### B.    The Instant Action.

On or about July 2007, Plaintiff Zefferina Montelongo commenced this action entitled *Montelongo v. Winterset Dental Care, P.C. et. al,* Civil Action No. 2007 L 7858 E in the Circuit Court for Cook County, Illinois. Merck was not named as a defendant in the original complaint. On February 14, 2008, Plaintiff filed a Second Amended Complaint, naming Merck as a defendant for the first time. Merck was served with the Complaint on February 26, 2008. Within 30 days of service, Merck removed this action to this Court, based on diversity jurisdiction under 28 U.S.C. § 1332.[1]

There is no dispute that this action involves the same factual inquiries that the Panel noted were present in the Fosamax product liability actions generally, thereby warranting coordinated pre-trial proceedings in the Southern District of New York. The Plaintiff's allegations against Merck in this case repeat the same products liability allegations that have been alleged by the other plaintiffs in the Fosamax MDL proceedings. She alleges that, as a result of ingesting Fosamax, she "suffered severe and permanent jaw injuries" including osteonecrosis of the jaw, and that "her lower jaw bone became infected and abscessed so as to cause the bone to decay and slough away requiring the placement of a metal plate in her jaw."

---

[1] Merck removed this case pursuant to § 1441(b) on the grounds that "none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). As discussed in Merck's Notice of Removal, Winterset Dental Care, P.C. and two of its employees, Dentists Anil K. Agarwal and Gary F. Adler (collectively "the Dental Defendants"), were fraudulently and/or improperly joined by the Plaintiff in an effort to defeat diversity jurisdiction, but that effort fails because the Plaintiff's claims against the Dental Defendants are not based upon the same transaction or occurrence as the Plaintiff's claims against Merck and because the Plaintiff's claims against the Dental Defendants conflict with the Plaintiff's claims against Merck. *See* Notice of Removal ¶¶ 24-30.

(Complaint, Count IV ¶ 9.)  Plaintiff contends that Merck did not warn her of the alleged risks of taking Fosamax (including alleged risks related to osteonecrosis of the jaw).  (Complaint, Count V ¶ 9.)

Plaintiff's claims against Merck are improperly joined to unrelated claims against several dentists ("the Dental Defendants"), who were the original defendants in this case and who are accused of negligently performing dental procedures and or providing negligent treatment following those procedures.  As set forth in Merck's Motion to Sever, filed concurrently with the removal papers and this Motion, there is no basis to join the Plaintiff's claims against Merck to the claims against the Dental Defendants, which are based upon different theories and causes of action, and upon a different set of underlying operative facts.

Pursuant to Rule 7.5 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, will promptly Merck provide notice to the MDL Panel of the pendency of this "tag-along" action.  Merck expects that the MDL Panel will shortly issue an Order for the transfer of this case to the Fosamax MDL Proceedings.

## ARGUMENT

The Court should exercise its discretion to stay all further proceedings in this action pending its likely transfer to MDL-1789.  The authority of a federal court to stay proceedings is well-established.  *Landis v. North American Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *accord Denny v. Merck & Co., Inc.*, No. 04 Civ. 0526, slip op. (S.D. Tex. Dec. 6, 2004) ("The power to stay all proceedings is well established.").  Courts analyze three factors when determining whether to issue a stay of proceedings pending the MDL Panel's decision on

transfer, namely: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.  *Buie v. Blue Cross & Blue Shield of Kan. City, Inc.*, No. 05-0534, 2005 U.S. Dist. LEXIS 35783, at *4 (W.D. Mo. Sept. 13, 2005); *Mathis v. Bristol-Myers Squibb*, No. 03-0308, 2003 U.S. Dist. LEXIS 3797, at *2 (E.D. La. March 12, 2003).

**I.      Judicial Economy Mandates A Stay.**

Granting a stay of proceedings here will promote judicial economy.  The purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner.  *See* 28 U.S.C. 1407(a).  Where, as here, the MDL Panel has already coordinated Fosamax product liability actions before Judge Keenan in the Southern District of New York, there is no question it will promote judicial economy to briefly stay this case while the MDL Panel determines whether it should be transferred.

It is well settled that a district court is best served not expending resources "familiarizing itself with the intricacies of an action that will be coordinated for pretrial management before a transferee judge."  *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *see also Gorea v. Gillette Co.*, No. 05 Civ. 2425, 2005 WL 2373440, at * 1 (W.D. Tenn. Sept. 26, 2005) ("[A] stay is warranted in this case . . . the court would have to use judicial resources in making rulings . . . in a case over which it might ultimately lose jurisdiction.").  Granting a stay of this action pending its transfer to MDL-1789 will conserve the resources of this court and prevent duplicative discovery and pretrial management efforts.  *See Board of Trustees of Teachers' Retirement System v. Worldcom, Inc.,* 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002) ("Having one court rather than three decide complex jurisdictional issues obviously saves

judicial resources."); *see also U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 02 Civ. 853, 2002 WL 31114069, at * 2 (N.D. Tex. Sept. 23, 2002) ("[I]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted.").

## II.   Merck Will Be Prejudiced Without A Stay, While A Brief Stay Will Not Prejudice The Plaintiff.

The prejudice to Merck absent a stay far outweighs any perceived or potential prejudice to Plaintiff if a stay is granted. *See American Seafood, Inc. v. Magnolia Processing*, Nos. 92 Civ. 1030, 92 Civ. 1086, 1992 WL 102762, at * 2 (E. D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that . . . prejudice to the defendants weigh heavily in favor of a stay."). Thus far, there are at least 384 Fosamax actions being coordinated in MDL-1789. If individual district courts allowed cases to proceed in the short window between the time cases were filed in or removed to individual federal district courts and they were transferred to Judge Keenan, Merck would face substantial hardship. Plaintiffs would be free to pursue a strategy of aggressively litigating, and getting discovery in, potentially hundreds of individual cases for the period of weeks it takes for cases that meet the §1407 transfer standard to be transferred to Judge Keenan's court. Merck should not be forced to engage in unnecessary and duplicative discovery and motion practice. *See Wilbanks v. Merck & Co., Inc.*, No. 05-Civ. 1241, 2005 WL 2234071, at * 1 (W.D. Tenn. Sept 13, 2005) (granting a stay holding that "in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant."); *see also North v. Merck & Co., Inc.,* No. 05 Civ. 6475, 2005 WL 2921638, at *2 (W.D.N.Y. Nov. 4, 2005) ("[T]he risk of hardship to Merck of engaging in duplicative motion practice and discovery . . . outweighs any prejudice that could potentially inure to [plaintiff]."); *Gorea*, 2005 WL 2372440, at * 1  ("[W]hereas without a stay [pending transfer to the MDL

court], the burden on Gillette of having to . . . engage in limited discovery . . . would be significant.").

In contrast, a stay will not prejudice the legitimate interests of Plaintiff. Any delay in the preliminary proceedings in this case would be both brief and offset by the benefits of coordinated discovery and motion practice after all of the overlapping lawsuits are transferred to a single court. *See, e.g., Rivers*, 980 F. Supp. at 1362 (discounting any prejudice to the non-moving party in the time between issuing the stay and the MDL Panel's consideration of the motion). Plaintiff has expended limited resources to date; this action is still in its infancy and discovery has not yet begun. Whatever limited discovery could take place in the next several weeks will be wholly subsumed and superseded by the discovery that will take place in the MDL and Plaintiff will not be prejudiced by a limited delay.

### III. The Court Should Stay This Case Before Addressing Merck's Motion to Sever.

As noted above, Plaintiff has attempted to lump her products liability claims against Merck together with her medical malpractice claims filed against the Dental Defendants. These separate claims are not properly joined, and this improper joinder does not strip Merck of its right to remove the products liability claims to federal court. Merck has moved to sever the claims against the Dental Defendants, which are based upon different theories and causes of action from the claims against Merck, and upon a different set of underlying operative facts. The claims against the Dental Defendants should be severed, as Merck sets forth in its pending Motion to Sever.

This issue, however, has already arisen in the Fosamax MDL proceedings, in at least one other case in which malpractice claims against treating dentists were lumped together with products liability claims against Merck. Merck suggests that it would be better to stay this

action before ruling on Merck's Motion to Sever, to permit Judge Keenan to address these issues in a coordinated manner.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Southern District of New York.

Dated: March 24, 2008

Respectfully submitted,

BRYAN CAVE LLP

By: _____s/ Dmitry Shifrin_____
Dmitry Shifrin, #6279415
161 North Clark Street, Suite 4300
Chicago, IL  60601-3315
Telephone:  (312) 602-5000
Facsimile:  (312) 602-5050

and

Stephen G. Strauss, #6278807
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, MO  63102-2750
Telephone:  (314) 259-2000
Facsimile:   (314) 259-2020

*Attorneys for Merck & Co., Inc.*

## CERTIFICATE

I hereby certify that on this 24th day of March, 2008, a copy of the foregoing was served by first class mail, postage prepaid, on:

Katherine A. Cardenas
Lucas and Cardenas, P.C.
77 West Washington Street, Suite 900
Chicago, IL 60602

Attorneys for Plaintiff


John Green
Green Law Offices
200 West Jackson
Suite 2060
Chicago, IL  60606
(312) 676-5980


Drew Balac
Weldon-Linne & Vogt
105 W. Madison, Suite 1400
Chicago, IL  60602
(312) 236-5151


Attorneys for Dental Defendants

                                                    s/ Dmitry Shifrin
                                                    Dmitry Shifrin