UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| ZEFERINA MONTELONGO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-cv-1687 |
| | ) | |
| v. | ) | Judge Andersen |
| | ) | |
| WINTERSET DENTAL CARE, P.C., | ) | JURY TRIAL DEMANDED ON |
| *et. al,* | ) | ALL COUNTS |
| Defendants. | ) | |

## **ANSWER AND AFFIRMATIVE DEFENSES OF MERCK & CO., INC.**

Defendant, Merck & Co., Inc. ("Merck"), by and through its undersigned attorneys, hereby answers those allegations of Plaintiff's Second Amended Complaint at Law ("Complaint") directed to it. To the extent the allegations of any paragraph are directed to other defendants, Merck is not required to respond to those allegations. To the extent a response is deemed necessary, Merck states that it denies all such allegations, except those that are specifically admitted below. In addition, Merck denies all allegations set forth in the Complaint directed to Merck except to the extent such allegations are specifically admitted below:

**Count I – Malpractice Winterset Dental Care, P.C.**

The allegations contained in Paragraphs 1 – 9 of Count I are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation of Paragraphs 1 – 8 of Count I and states that Paragraph 9 of Count I does not require a response.

### Count II – Malpractice vs. Agarwal, D.D.S., Individually and as Agent and Servant of Winterset Dental Care, P.C.

The allegations contained in Paragraphs 1 – 9 of Count II are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation of Paragraphs 1 – 8 of Count II and states that Paragraph 9 of Count II does not require a response.

### Count III – Malpractice vs. Alder, D.D.S., Individually and as Agent and Servant of Winterset Dental Care, P.C.

The allegations contained in Paragraphs 1 – 8 of Count III are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation of Paragraphs 1 – 7 of Count III and states that Paragraph 8 of Count III does not require a response.

### Count IV – Product Liability (Negligence) vs. Merck & Co., Inc.

1. On or about July 28, 2005, and prior and subsequent thereto, defendant Merck & Co., Inc. (Merck) was engaged in the design, manufacture, testing, marketing, distribution and sale of prescription drugs including FOSAMAX.

ANSWER: Merck denies each and every allegation of Paragraph 1 of Count IV, except that it admits that Merck manufactured, marketed, and distributed certain pharmaceutical products including the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

2. Merck is incorporated in the State of New Jersey with its principal place of business in that state.

ANSWER: Merck admits the allegations of Paragraph 2 of Count IV.

3. Merck is authorized to do business in the State of Illinois.

ANSWER: Merck admits that it is registered to do business in the State of Illinois.

2826039

2

  4.  On the date aforesaid and prior and subsequent thereto, the defendant, Merck, by and through its agents and servants, held FOSAMAX out to the public as an acceptable treatment for osteoporosis.

ANSWER:  Merck denies each and every allegation of Paragraph 4 of Count IV, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

  5.  Sometime in 2005, the plaintiff was prescribed FOSAMAX for the treatment of her osteoporosis.

ANSWER:  Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 5 of Count IV.

  6.  It was then and there the duty of Merck to provide any and all patients on FOSAMAX with a safe and effective treatment for osteoporosis.

ANSWER:  The allegations in Paragraph 6 of Count IV are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied and Merck respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

  7.  It was then and there the duty of Merck to provide any and all patients on FOSAMAX with a true and correct list of possible side effects and complications.

ANSWER:  The allegations in Paragraph 7 of Count IV are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied and Merck respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

  8.  In disregard to the duties described in the foregoing paragraphs, the defendant, Merck, by and through its agents and servants, was guilty of one or more of the following negligent acts and/or omissions:

      a.      Failed to warn the plaintiff that FOSAMAX was likely to inhibit vascular supply to her mandibles (lower jaws) and maxillae (upper jaws);

      b.      Knew or should have known that FOSAMAX would create a compromised vascular supply to the jaw bones and any injury thereto could turn into a non-healing wound causing necrosis (bone death) and osteomyelitis (inflammation of bone marrow);

      c.      Failed to warn the plaintiff that FOSAMAX would create a compromised vascular supply to the jaw bones and any injury thereto could turn into a non-healing wound causing necrosis (bone death) and osteormyelitis (inflammation of bone marrow);

      d.      Failed to warn the plaintiff that any dental work while on FOSAMAX could cause irreparable injury to her jaw;

      e.      Failed to warn the plaintiff that the FDA found that osteonecrosis of the jaw was a class effect which specifically extended to the oral bisphosphonate, FOSAMAX;

      f.      Failed to list osteonecrosis of the jaw as a complication and/or side effect on its FOSAMAX labeling;

      g.      Otherwise carelessly and negligently marketed and allowed uninformed patients to ingest FOSAMAX.

<u>ANSWER</u>:  Merck denies each and every allegation of Paragraph 8 of Count IV, including each and every allegation contained in subparts (a) through (g).

9.      As a direct and proximate result of the one or more of the foregoing careless and negligent acts and/or omissions, plaintiff sustained severe and permanent injuries, in that her lower jaw bone became infected and abscessed so as to cause the bone to decay and slough away requiring the placement of a metal plate in her jaw.  Because of the injuries, plaintiff suffered severe and unnecessary anguish, distress and pain and her jaw became useless for eating and speaking, and remained so for a long time.  To this date it is difficult for her to eat or speak, all to plaintiff's damage.  She was caused to endure great pain and suffering and in the future will be caused to endure such pain and suffering; she was caused to have an increased risk of injury; she was caused to expend large sums of money as and for medical, dental and hospital care and attention in an effort to cure herself of these injuries and in the future will be caused to make such expenditures; she was caused to become disfigured and disabled; she was caused to absent herself from her regular employment, thereby losing large sums of money in the form of lost wages and in the future will be caused to sustain such losses.

ANSWER:  Merck denies each and every allegation of Paragraph 9 of Count IV.

    10.    Plaintiff was not aware of her infection, its causes and its affect on her mouth and jaw until she sought the help of another dentist on April 18, 2006 who, upon examination and proper tests, diagnosed an abscess and infection and referred her to specialists for follow-up care and treatment.

ANSWER:  Merck denies each and every allegation of Paragraph 10 of Count IV.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

### Count V – Strict Product Liability vs. Merck & Co., Inc.

    1.    Plaintiff repeats and realleges paragraphs 1 through 5 of Count IV of her complaint.

ANSWER:  Merck repleads its answers to Paragraphs 1 through and including 5 of Count IV, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

    6.    It was then and there the duty of Merck to provide any and all patients on FOSAMAX with a safe and effective treatment for osteoporosis.

ANSWER:  The allegations in Paragraph 6 of Count V are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied and Merck respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

    7.    It was then and there the duty of Merck to provide any and all patients on FOSAMAX with a true and correct list of possible side effects and complications.

ANSWER:  The allegations in Paragraph 7 of Count V are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations

2826039

5

are denied and Merck respectfully refers the Court to the relevant legal standard,

including any conflict of law rules.

> 8. In disregard to the duties described in the foregoing paragraphs, the defendant, Merck, allowed FOSAMAX to be placed into the stream of commerce when it knew or should have known it was defective and unreasonably dangerous.

ANSWER: Merck denies each and every allegation of Paragraph 8 of Count V.

> 9. FOSAMAX was defective and unreasonably dangerous in the following respects:
>
>     a. Merck knew or should have known that FOSAMAX was likely to inhibit vascular supply to patients' mandibles (lower jaws) and maxillae (upper jaws);
>
>     b. Merck knew or should have known that FOSAMAX would create a compromised vascular supply to the jaw bones and any injury thereto could turn into a non-healing wound causing necrosis (bone death) and osteomyelitis (inflammation of bone marrow);
>
>     c. Merck failed to warn that FOSAMAX would create a compromised vascular supply to the jaw bones and any injury thereto could turn into a non-healing wound causing necrosis (bone death) and osteomyelitis (inflammation of bone marrow);
>
>     d. Merck failed to warn that any dental work while on FOSAMAX could cause irreparable injury to her jaw;
>
>     e. Merck failed to warn that the FDA found that osteonecrosis of the jaw was a class effect which specifically extended to the oral bisphosphonate, FOSAMAX;
>
>     f. Merck failed to list osteonecrosis of the jaw as a complication and/or side effect on its FOSAMAX labeling;
>
>     g. Otherwise carelessly and negligently marketed and allowed uninformed patients to ingest FOSAMAX.

ANSWER: Merck denies each and every allegation of Paragraph 9 of Count V,

including each and every allegation contained in subparts (a) through (g).

> 10. As a direct and proximate result of the one or more of the foregoing careless and negligent acts and/or omissions, plaintiff sustained severe and permanent injuries, in that her lower jaw bone became infected and abscessed so as to

2826039

6

      cause the bone to decay and slough away requiring the placement of a metal plate in her jaw.  Because of the injuries, plaintiff suffered severe and unnecessary anguish, distress and pain and her jaw became useless for eating and speaking, and remained so for a long time.  To this date it is difficult for her to eat or speak, all to plaintiff's damage.  She was caused to endure great pain and suffering and in the future will be caused to endure such pain and suffering; she was caused to have an increased risk of injury; she was caused to expend large sums of money as and for medical, dental and hospital care and attention in an effort to cure herself of these injuries and in the future will be caused to make such expenditures; she was caused to become disfigured and disabled; she was caused to absent herself from her regular employment, thereby losing large sums of money in the form of lost wages and in the future will be caused to sustain such losses.

<u>ANSWER</u>:  Merck denies each and every allegation of Paragraph 10 of Count V.

    11.    Plaintiff was not aware of her infection, its causes and its affect on her mouth and jaw until she sought the help of another dentist on April 18, 2006 who, upon examination and proper tests, diagnosed an abscess and infection and referred her to specialists for follow-up care and treatment.

<u>ANSWER</u>:  Merck denies each and every allegation of Paragraph 11 of Count V.

    WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

### **<u>AFFIRMATIVE DEFENSES</u>**

    Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Merck in this matter.  Merck, therefore, asserts said affirmative defenses in order to preserve the right to assert them.  Upon completion of discovery, and if the facts warrant, Merck may withdraw any of these affirmative defenses as may be appropriate.  Further, Merck reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds.  Further answering and by way of additional defense, Merck states as follows:

### FIRST AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of FOSAMAX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative fault and/or negligence.

### NINTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### TENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of FOSAMAX®.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the applicable state law because FOSAMAX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, such claim is barred because FOSAMAX® and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of FOSAMAX® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of FOSAMAX®.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

With respect to each and every cause of action, Plaintiff is not entitled to recovery for strict liability because Plaintiff cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiff's claims to a negligence cause of action.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency. Therefore, Plaintiff's claims pertaining to unfair or deceptive practices are barred.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

With respect to each and every cause of action, Plaintiff is not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined in Restatement of Torts. The apparent benefits of the product exceeded

any apparent risk given the scientific knowledge available when the product was marketed.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Illinois Constitutions.

## THIRTIETH AFFIRMATIVE DEFENSE

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to Plaintiff's claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Merck in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained an ascertainable loss of property or money.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual injury or damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of economic loss.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This case is subject to dismissal and/or transfer to another venue.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

This case is subject to dismissal or stay on the grounds of *forum non conveniens.*

### FORTIETH AFFIRMATIVE DEFENSE

Merck is entitled to a set-off or reduction in any damages which may be awarded to the Plaintiff for any amounts received from collateral sources.

### FORTY-FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted

by federal law under the Final Rule, Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, FDA Docket No. 2000N-1269 (January 24, 2006).

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are not pleaded with the required particularity.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Defendant Winterset Dental Care, P.C. is improperly joined.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendant Anil K. Agarwal, D.D.S. is improperly joined.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Defendant Gary F. Adler, D.D.S. is improperly joined.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not suitable for joinder.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Illinois Constitution as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct. 1513 (2003).

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of Merck's constitutional protection and the prohibitions against double jeopardy set forth in the

Fifth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Illinois Constitution.

### FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Illinois Constitution.

### FIFTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of Article I of the United States Constitution and comparable provisions of the Illinois Constitution.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages because plaintiff's claim for exemplary or punitive damages, if any, is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution because there are not realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages because plaintiff's claim for exemplary or punitive damages, if any, is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution because the vague standards employed in punitive damage cases results in extremely disparate results among similar defendants accused of similar conduct.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages because plaintiff's claim for exemplary or punitive damages, if any, is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution because the purpose of punitive damages is punishment and deterrence, and there is not adequate procedural safeguards in place to protect Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free from unreasonable searches and seizures in this case.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages because plaintiff's claim for exemplary or punitive damages, if any, is in violation of the First Amendment to the United States Constitution and comparable provisions of the Illinois Constitution.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague,

and ambiguous, further violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Illinois Constitution.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence. Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Illinois Constitution.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution.

---

In so much as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

### JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: March 24, 2008

        Respectfully submitted,

        BRYAN CAVE LLP


        By: s/ Dmitry Shifrin
        Dmitry Shifrin, #6279415
        161 North Clark Street, Suite 4300
        Chicago, IL 60601
        Telephone: (312) 602-5000
        Facsimile: (312) 602-5050

        *and*

        Stephen G. Strauss, #6278807
        Bryan Cave LLP
        211 North Broadway, Suite 3600
        St. Louis, MO 63102-2750
        Telephone: (314) 259-2000
        Facsimile: (314) 259-2020

        *Attorneys for Merck & Co., Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March, 2008, a copy of the foregoing was served by first class mail, postage prepaid, on:

Katherine A. Cardenas
Lucas and Cardenas, P.C.
77 West Washington Street, Suite 900
Chicago, IL 60602

Attorneys for Plaintiff

John Green
Green Law Offices
200 West Jackson
Suite 2060
Chicago, IL  60606
(312) 676-5980

Drew Balac
Weldon-Linne & Vogt
105 W. Madison, Suite 1400
Chicago, IL  60602
(312) 236-5151

Attorneys for Dental Defendants

s/ Dmitry Shifrin
Dmitry Shifrin
