UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS,
EASTERN LAW DIVISION

| | |
|---|---|
| ZEFERINA MONTELONGO, )<br>)<br>       Plaintiff, )<br>)<br>  vs. )<br>)<br>WINTERSET DENTAL CARE, P.C., ANIL K. )<br>AGARWAL, D.D.S., individually and as )<br>agent and servant of WINTERSET DENTAL )<br>CARE, P.C., GARY F. ALDER, D.D.S., )<br>individually and as agent and servant of )<br>WINTERSET DENTAL CARE, P.C., and )<br>MERCK & CO., INC., a foreign corporation, )<br>)<br>       Defendants. ) | No.   08-cv-1687<br><br>Judge Andersen |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY**

Plaintiff, Zeferina Montelongo, by and through her attorneys, Law Offices of Lucas and Cárdenas, P.C., respectfully asks this Honorable Court to deny the defendant's motion to stay, and in support thereof, she states the following:

**Procedural History:**

The plaintiff originally filed a Complaint at Law in the Circuit Court of Cook County, Illinois against Illinois residents Winterset Dental Group, Anil K. Agarwal, D.D.S. and Gary F. Alder, D.D.S. alleging that they were negligent in their care and treatment of the plaintiff. The plaintiff then filed a Second Amended Complaint on February 14, 2008 naming Merck, Inc. as an additional party defendant alleging Merck was negligent in its manufacture and distribution of Fosamax and that Merck failed to warn of the drugs propensities.

- 2 -

Merck then removed the case to the Northern District of Illinois on March 24, 2008 alleging that the Illinois defendants were not properly joined. Also on March 24, 2008, Merck simultaneously filed Motions to Sever and Stay. On April 3, 2008, Merck presented its Motion to Sever and Motion to Stay. The Court entered the following briefing schedule: plaintiff to respond by May 2, 2008; defendant to reply by May 16, 2008 and ruling to be mailed. That April 3, 2008 order also granted plaintiff leave to file her Motion to Remand.

On April 15, 2008, the plaintiff filed her Motion to Remand to the Circuit Court of Cook County, Illinois. Plaintiff's motion was heard on May 1, 2008 and the Court entered the following briefing schedule: defendant to respond by May 16, 2008; plaintiff to reply by May 23, 2008 and hearing set for June 5, 2008.

**Defendant Merck's Position:**

Merck has presented a motion to stay all proceedings in order for this case to be transferred to the Southern District of New York under the Multidistrict Litigation Panel. Merck discusses three points in its motion to stay. They are as follows: 1) judicial economy mandates a stay; 2) Merck will be prejudiced without a stay, while a brief stay will not prejudice the plaintiff; and 3) the court should stay this case before addressing Merck's motion to sever.

**Plaintiff's Position:**

It is the position of the plaintiff that the Court should first rule on plaintiff's motion to remand before addressing the defendant's motion to stay. The plaintiff relies on Alegre v. Aguayo, M.D., Case No. 06 C 5744, 2007 U.S. Dist. LEXIS 3266 (N.D. IL. 2007). In Alegre, District Court Judge Amy J. St. Eve made a thorough analysis of many of the same issues that are present in the case at bar. It should be noted that Merck was a defendant in the Alegre case as well as the case at bar.

- 3 -

Judge St. Eve determined that a motion to remand should be decided prior to a motion to stay because the court must first assure itself that it has jurisdiction over the matter stating:

> "The constitutional significance of jurisdiction, concerns of judicial efficiency and the importance of allowing plaintiffs to choose their forum, together with the language of 28 U.S.C. § 1447(c), which directs that 'if any time before judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded' (emphasis added), dictate that 'a court's first step should be to make a preliminary assessment of the jurisdictional issue.' Meyers, 143 F. Supp. 2d at 1048. Then, 'if this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court.' Id. at 1049. …. The requirement that jurisdiction be established as a threshold matter, 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Alegre 2007 U.S. Dist LEXIS 3266 at *6.

Based upon the foregoing, it is clear that the court should first address the plaintiff's motion to remand prior to ruling on Merck's motion to stay all proceedings. Nevertheless, the plaintiff is obligated to address the issues presented in Merck's motion to stay.

### I.     Judicial economy mandates a stay

The plaintiff believes that a ruling on her motion to remand will promote judicial economy in that, if granted, will prevent the transfer of the case to the MDL. If the case is not transferred but remanded to the Circuit Court of Cook County, Illinois, neither the local federal court nor the MDL will be burdened by the administration of the case. Furthermore, it is the plaintiff's position that the case does not meet the Federal Court's jurisdictional requirements in that the Illinois residents are proper party defendants.

### II.    Merck will be prejudiced without a stay, while a brief stay will not prejudice the plaintiff

Merck relies primarily on the hardship that it would "potentially" endure if the stay is not granted. Merck states that without the stay the plaintiffs "are free to pursue a strategy of aggressively litigating and getting discovery in." What must be noted is that the plaintiff in the

- 4 -

case at bar has not sought to conduct any discovery thus far and has only filed a motion to remand. So in the actual circumstances as they exist, Merck will not be prejudiced by having the Court first rule on the motion to remand.

### III. The court should stay this case before addressing Merck's motion to sever.

Merck maintains that the plaintiff attempted to "lump her products liability claims against Merck together with her medical malpractice claims filed against the dental defendants." As mentioned in the response to the motion to sever, the plaintiff has a right to bring her cause of action against independent concurrent defendants.

### C. Conclusion

The plaintiff respectfully requests that this Court rule on her Motion to Remand prior to ruling on Merck's motion to stay. Furthermore, the plaintiff respectfully requests that Merck's motion to stay be denied.

                                s/ Katherine A. Cárdenas
                                  Katherine A. Cárdenas

### CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2008 a copy of the foregoing was served by first class mail, postage prepaid, on:

> Attorneys for Merck:
> Dmitry Shifrin
> Bryan Cave LLP
> 161 North Clark Street, Suite 4300
> Chicago, Illinois 60601
>
> Stephen G. Strauss
> Bryan Cave LLP
> 211 North Broadway, Suite 3600
> St. Louis, Missouri 63102
>
> Attorneys for Winterset & Dr. Agarwal:

- 5 -

John M. Green and
Sylvia Karalekas
Green Law Offices, LLC
200 West Jackson Boulevard, Suite 2060
Chicago, Illinois 60606

<u>Attorneys for Dr. Alder:</u>
Drew Balac
Weldon-Linne & Vogt
105 West Madison Street, Suite 1400
Chicago, Illinois 60602

                                                                s/ Katherine A. Cárdenas
                                                                 Katherine A. Cárdenas

Law Offices of Lucas & Cárdenas, P.C.
77 West Washington Street, Suite 900
Chicago, Illinois 60602
312-781-0082
312-332-4718 (fax)