UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS,
EASTERN LAW DIVISION

| | |
|---|---|
| ZEFERINA MONTELONGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.   08-cv-1687 |
| ) | |
| WINTERSET DENTAL CARE, P.C., ANIL K. ) | |
| AGARWAL, D.D.S., individually and as ) | |
| agent and servant of WINTERSET DENTAL ) | Judge Andersen |
| CARE, P.C., GARY F. ALDER, D.D.S., ) | |
| individually and as agent and servant of ) | |
| WINTERSET DENTAL CARE, P.C., and ) | |
| MERCK & CO., INC., a foreign corporation, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SEVER**

Plaintiff, Zeferina Montelongo, by and through her attorneys, Law Offices of Lucas and Cárdenas, P.C., respectfully asks this Honorable Court to deny the defendant's motion to sever, and in support thereof, she states the following:

**Procedural History:**

The plaintiff originally filed a Complaint at Law in the Circuit Court of Cook County, Illinois against Illinois residents Winterset Dental Group, Anil K. Agarwal, D.D.S. and Gary F. Alder, D.D.S. alleging that they were negligent in their care and treatment of the plaintiff. The plaintiff then filed a Second Amended Complaint on February 14, 2008 naming Merck, Inc. as an additional party defendant alleging Merck was negligent in its manufacture and distribution of Fosamax and that Merck failed to warn of the drugs propensities.

- 2 -

Merck then removed the case to the Northern District of Illinois on March 24, 2008 alleging that the Illinois defendants were not properly joined.  Also on March 24, 2008, Merck simultaneously filed Motions to Sever and Stay.   On April 3, 2008, Merck presented its Motion to Sever and Motion to Stay.  The Court entered the following briefing schedule: plaintiff to respond by May 2, 2008; defendant to reply by May 16, 2008 and ruling to be mailed.  That April 3, 2008 order also granted plaintiff leave to file her Motion to Remand.

On April 15, 2008, the plaintiff filed her Motion to Remand to the Circuit Court of Cook County, Illinois.  Plaintiff's motion was heard on May 1, 2008 and the Court entered the following briefing schedule: defendant to respond by May 16, 2008; plaintiff to reply by May 23, 2008 and hearing set for June 5, 2008.

**Defendant Merck's Position:**

Merck has presented a motion to sever the Illinois defendant dentists from the instant case in order to satisfy the diversity requirements of Federal Court jurisdiction.  Merck maintains that the Illinois dentists should be severed because the allegations of negligence are not based upon the same transaction or occurrence.  Merck further states in its motion to sever that this Court should not rule on this motion but instead stay all matters for the MDL Judge to rule.

**Plaintiff's Position:**

It is the position of the plaintiff that the Court should first rule on plaintiff's motion to remand before addressing the defendant's motions to sever and stay.  The plaintiff relies on <u>Alegre v. Aguayo, M.D.</u>, Case No. 06 C 5744, 2007 U.S. Dist. LEXIS 3266 (N.D. IL. 2007).  In <u>Alegre</u>, District Court Judge Amy J. St. Eve made a thorough analysis of many of the same issues that are present in the case at bar.  It should be noted that Merck was a defendant in the <u>Alegre</u> case as well as the case at bar.

- 3 -

Judge St. Eve determined that a motion to remand should be decided prior to a motion to stay because the court must first assure itself that it has jurisdiction over the matter stating:

> "The constitutional significance of jurisdiction, concerns of judicial efficiency and the importance of allowing plaintiffs to choose their forum, together with the language of 28 U.S.C. § 1447(c), which directs that 'if any time before judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded' (emphasis added), dictate that 'a court's first step should be to make a preliminary assessment of the jurisdictional issue.' Meyers, 143 F. Supp. 2d at 1048. Then, 'if this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court.' Id. at 1049. …. The requirement that jurisdiction be established as a threshold matter, 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Alegre 2007 U.S. Dist LEXIS 3266 at *6.

Based upon the foregoing, it is clear that the court should first address the plaintiff's motion to remand. The plaintiff in the instant action maintains that complete diversity is lacking and that the case should be remanded to the Circuit Court of Cook County, Illinois.

Since the defendant's motion to sever relies on the improper joinder of the Illinois residents and since the plaintiff has addressed the issues of fraudulent joinder and misjoinder in her motion to remand to the Circuit Court of Cook County, Illinois, she will not recite her arguments herein. In an exercise in brevity, the plaintiff respectfully directs the court to her motion to remand which was filed with the Court on April 15, 2008 and marked as Document No. 15 with the Clerk of the Court.

In addition to the analysis provided in the motion to remand, when a plaintiff has one single indivisible injury, judicial economy requires that all the defendants responsible for the injury are joined in the cause of action. In Woods v. Cole, 181 Ill.2d 512; 693 N.E.2d 333, 230 Ill.Dec. 204 (S. Ct. IL. 1998), the Supreme Court of Illinois held that where defendants' independent but concurrent actions cause one single indivisible injury, the defendants will be found to be jointly and severally liable. 181 Ill.2d at 516.

- 4 -

Woods was relied upon in LeClercq v. The Lockformer Co., 2002 U.S.Dist. Lexis 8682, 54 ERC (BNA) 1506, 32 ELR 20701, (N.D. Ill. May 6, 2002) when discussing the independent yet concurrent actions of defendant's causing an indivisible injury. The Court stated:

> "The common law doctrine of joint and several liability provides that when two or more individuals tortiously contribute to the same, indivisible injury, each individual may be held jointly [*7] and severally liable for the entire injury. See W. Keeton, Prosser & Keeton on Torts §§ 47, 50-52 (5th Ed. 1984). So, a tortfeasor who acts independently and concurrently with another individual to produce an indivisible injury to a plaintiff may be held jointly and severally liable for that injury, even though the tortfeasor **does not act in concert with the other individual and shares no common purpose with them**. Woods v. Cole, 181 Ill.2d 512, 517, 693 N.E.2d 333, 336 (Ill. 1998). Illinois recognizes that this type of **'independent concurring tortfeasor'** is not 'held liable for the entirety of a plaintiff's injury because he or she is responsible for the actions of the other individuals who contribute to the plaintiff's injury. Rather, **an independent, concurring tortfeasor is held jointly and severally liable because the plaintiff's injury cannot be divided into separate portions, and because the tortfeasor fulfills the standard elements of tort liability** . . .' Id. Contrary to Honeywell's contentions, Illinois does not require a plaintiff to attribute proper portions of their injury among the joint tortfeasors to establish proximate cause." (Emphasis added.)

2002 U.S.Dist. Lexis 8682 at *6.

Based upon the clear precedent provided, Merck cannot maintain that the case against it should be severed. Merck's actions do not need to arise out of the same transaction or occurrence.

### C. Conclusion

The plaintiff did not fraudulently join or misjoin the dentists in the case at bar. Since the dentists are proper parties to the case, complete diversity does not exist. Therefore, the

- 5 -

case should be remanded to the Circuit Court of Cook County, Illinois in its entirety.  Merck's motion to sever should be denied.

s/ Katherine A. Cárdenas<br>Katherine A. Cárdenas

### CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2008 a copy of the foregoing was served by first class mail, postage prepaid, on:

<u>Attorneys for Merck:</u>
Dmitry Shifrin
Bryan Cave LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601

Stephen G. Strauss
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, Missouri 63102

<u>Attorneys for Winterset & Dr. Agarwal:</u>
John M. Green and
Sylvia Karalekas
Green Law Offices, LLC
200 West Jackson Boulevard, Suite 2060
Chicago, Illinois 60606

<u>Attorneys for Dr. Alder:</u>
Drew Balac
Weldon-Linne & Vogt
105 West Madison Street, Suite 1400
Chicago, Illinois 60602

s/ Katherine A. Cárdenas<br>Katherine A. Cárdenas

Law Offices of Lucas & Cárdenas, P.C.
77 West Washington Street, Suite 900
Chicago, Illinois 60602
312-781-0082
312-332-4718 (fax)