UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS,
EASTERN LAW DIVISION

| | |
|---|---|
| ZEFERINA MONTELONGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.   08-cv-1687 |
| ) | |
| WINTERSET DENTAL CARE, P.C., ANIL K. ) | |
| AGARWAL, D.D.S., individually and as ) | |
| agent and servant of WINTERSET DENTAL ) | Judge Andersen |
| CARE, P.C., GARY F. ALDER, D.D.S., ) | |
| individually and as agent and servant of ) | |
| WINTERSET DENTAL CARE, P.C., and ) | |
| MERCK & CO., INC., a foreign corporation, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO MERCK'S OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

Plaintiff, Zeferina Montelongo, by and through her attorneys, Law Offices of Lucas and Cárdenas, P.C., hereby replies to Merck's opposition to plaintiff's motion to remand, and in support of her reply, she states the following:

1.   Merck has offered this court eleven orders from various Federal Courts around the country regarding other FOSOMAX cases.  None of the attached orders deal specifically with the issues presented in this case and are therefore of little or no relevance.  Plaintiff's counsel has chose not to burden the court with orders in FOSOMAX cases that have remanded the cases back to the state courts because again they are of little or no relevance.

2.   Every motion to remand must be given individualized attention as they are fact sensitive and cannot simply be denied or stayed because that are FOSOMAX cases.

- 2 -

3.  Interestingly, Merck states that the case of <u>Anderson v. Brite Dental Corp</u>. Case No. 8:07-CV-965-T-27EAJ (M.D. Fla.) is currently pending before the MDL and deals with the issues of improperly joined dentists. What Merck does not mention is that the case originates from Florida. The MDL court will therefore be applying the applicable law of Florida in determining whether the motion for remand will be granted.

4.  Precedent requires the application of Illinois law to the facts and circumstances presented in the instant matter. The MDL court must also apply the law from the initiating state court. An MDL court in <u>In re Jackson National Life Insurance Company Premium Litigation</u>, MDL No. 1122, 2000 U.S. Dist. LEXIS 5376, (W.D. Mich. 2000) relating to <u>Tench v. Jackson Nat'l Life Ins. Co.</u>, W.D. Mich. No. 5:99-CV-132 was faced with somewhat similar circumstances in that the <u>Tench</u> claim was originally filed in the Circuit Court of Cook County, Illinois. 2000 U.S. Dist. LEXIS 5376 at *1. The case was then removed to the Northern District of Illinois. <u>Id</u>. The case was then transferred to the MDL panel under <u>28 U.S.C. § 1407</u>. <u>Id</u>. The MDL court then addressed the plaintiff's motion for remand back to the Circuit Court of Cook County. <u>Id</u>.

The MDL court stated:

> "The party invoking the Court's jurisdiction bears the burden of proving the diversity jurisdiction requirements. **The removal petition is to be strictly construed, with all doubts resolved against removal.** Due regard for state governments' rightful independence **requires federal courts scrupulously to confine their own jurisdiction to precise statutory limits**." Emphasis added and citations omitted.

2000 U.S. Dist. LEXIS 5376 at *2.

When deciding the remand issues the MDL court looked to Illinois law, specifically the Illinois Consumer Fraud Act. 2000 U.S. Dist. LEXIS 5376 at *8. The MDL court ruled that the defendant could not meet the jurisdictional requirements and remanded the case back to the Circuit Court of Cook County, Illinois. 2000 U.S. Dist. LEXIS 5376 at *12.

- 3 -

Therefore, regardless which federal court hears the plaintiff's motion to remand, the motion should be granted and the case remanded to the Circuit Court of Cook County, Illinois. There is no just or logical reason to stay the proceedings or sever the dentists.

5.  Furthermore, in applying Illinois law the Seventh Circuit has long recognized that independent tortfeasors can cause an indivisible injury. In <u>Watts vs. James Laurent, et al.</u>, 774 F.2d 168, 179, (7th Cir. 1985), the Court stated "it is axiomatic that where several independent actors concurrently or consecutively produce a single, indivisible injury, each actor will be held jointly and severally liable for the entire injury. (Citations omitted.)"

Consistent with the rationale as stated in both <u>Alegre</u> and <u>Watts,</u> the plaintiff has a right to pursue her claims against the concurrent tortfeasors (dentists and Merck) in a single action. To divide the cases would cause an insurmountable burden upon the plaintiff.

6.  When a plaintiff has one single indivisible injury, judicial economy requires that all the defendants responsible for the injury are joined in the cause of action. In <u>Woods v. Cole</u>, 181 Ill.2d 512; 693 N.E.2d 333, 230 Ill.Dec. 204 (S. Ct. IL. 1998), the Supreme Court of Illinois held that where defendants' independent but concurrent actions cause one single indivisible injury, the defendants will be found to be jointly and severally liable. 181 Ill.2d at 516.

<u>Woods</u> was relied upon in <u>LeClercq v. The Lockformer Co.</u>, 2002 U.S.Dist. Lexis 8682, 54 ERC (BNA) 1506, 32 ELR 20701, (N.D. Ill. May 6, 2002) when discussing the independent yet concurrent actions of defendants causing an indivisible injury. The Court stated:

> "The common law doctrine of joint and several liability provides that when two or more individuals tortiously contribute to the same, indivisible injury, each individual may be held jointly [*7] and severally liable for the entire injury. See W. Keeton, Prosser & Keeton on Torts §§ 47, 50-52 (5th Ed. 1984). **So, a tortfeasor who acts independently and concurrently with another individual to produce an indivisible injury to a plaintiff may be held jointly and severally liable for that injury, even though the tortfeasor does not act in concert with the other individual and shares no common**

- 4 -

**purpose with them**. Woods v. Cole, 181 Ill.2d 512, 517, 693 N.E.2d 333, 336 (Ill. 1998). Illinois recognizes that this type of **'independent concurring tortfeasor'** is not 'held liable for the entirety of a plaintiff's injury because he or she is responsible for the actions of the other individuals who contribute to the plaintiff's injury. Rather, **an independent, concurring tortfeasor is held jointly and severally liable because the plaintiff's injury cannot be divided into separate portions, and because the tortfeasor fulfills the standard elements of tort liability** . . .' Id. Contrary to Honeywell's contentions, Illinois does not require a plaintiff to attribute proper portions of their injury among the joint tortfeasors to establish proximate cause." (Emphasis added.)

2002 U.S.Dist. Lexis 8682 at *6.

Based upon the clear precedent provided, Merck must be a party to the case along with the defendant dentists. Merck's actions do not need to arise out of the same transaction or occurrence so long as its negligent action concurrently contributed to the indivisible injury. Merck's negligence was a contributing cause of the plaintiff's injury and therefore Merck should be required to remain in this cause of action in state court.

**CONCLUSION**

Based upon the forgoing, the plaintiff did not fraudulently join or misjoin the dentists in the case at bar. Since the dentists are proper parties to the case, complete diversity does not exist. Therefore, the case should be remanded to the Circuit Court of Cook County, Illinois in its entirety.

                                                s/Katherine A. Cárdenas
                                                Katherine A. Cárdenas

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2008 a copy of the foregoing was served by first class mail, postage prepaid, on:

<u>Attorneys for Merck:</u>

- 5 -

Dmitry Shifrin
Bryan Cave LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601

Stephen G. Strauss
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, Missouri 63102

<u>Attorneys for Winterset & Dr. Agarwal:</u>
John M. Green and
Sylvia Karalekas
Green Law Offices, LLC
200 West Jackson Boulevard, Suite 2060
Chicago, Illinois 60606

<u>Attorneys for Dr. Alder:</u>
Drew Balac
Weldon-Linne & Vogt
105 West Madison Street, Suite 1400
Chicago, Illinois 60602

                s/Katherine A. Cárdenas
                 Katherine A. Cárdenas

Law Offices of Lucas & Cárdenas, P.C.
77 West Washington Street, Suite 900
Chicago, Illinois 60602
312-781-0082
312-332-4718 (fax)